# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LA'MONDRE MOORE,

                    Petitioner,

v.

WARDEN CHERYL EPLETT,

                    Respondent.

Case No. 24-CV-4-JPS

**ORDER**

## 1. INTRODUCTION

In its order screening Petitioner La'Mondre Moore's ("Petitioner") petition for a writ of habeas corpus under 28 U.S.C. § 2254, the Court concluded that Petitioner's asserted six grounds of ineffective assistance of postconviction counsel appeared to be procedurally defaulted, "either because the state courts deemed them procedurally barred under [*State v.*] *Escalona-Naranjo*[, 517 N.W.2d 157 (Wis. 1994)] or, if they were not already presented, because they would be deemed procedurally barred if Petitioner were to attempt to go back to the state courts to exhaust them." ECF No. 5 at 10. Specifically, the Court recounted that

> Petitioner presented grounds of "ineffective assistance of both trial and postconviction counsel" in his April 2020 § 974.06 motion. [T]he circuit court denied the motion as procedurally barred by *Escalona*. [*State v.*] *Moore*, [App. Nos. 2021AP220, 2021 AP 221,] 2023 Wisc. App. LEXIS 639, at *4 [Wis. Ct. App. June 13, 2023]; ECF No. 1-1 at 16 ("[T]he defendant raised numerous claims of ineffective assistance of trial counsel . . . in the letter accompanying his [August] 2019 motion for sentence modification. The defendant could have alleged at that time that postconviction counsel was ineffective for failing to raise these claims on direct appeal, but he did not.

*Id.*

"Accordingly," the Court continued, "federal review" of those six grounds for relief "is barred unless petitioner can establish cause for and prejudice from the default." *Id.* at 11. "In order to give [Petitioner] a fair opportunity to present" any cause-and-prejudice argument with respect to his grounds of ineffective assistance of postconviction counsel, the Court ordered Petitioner to show cause as to "why his ineffective assistance of postconviction counsel grounds should not be dismissed with prejudice as procedurally defaulted." *Id.* at 12.[1] "[I]f he fails to . . . sufficiently show cause, the Court will dismiss those grounds for relief with prejudice as procedurally defaulted." *Id.*

Both Petitioner's submission to show cause, ECF Nos. 8, 13, and Respondent's response thereto, EF No. 12, are now before the Court. For the reasons discussed herein, the Court concludes that Petitioner has not shown cause and prejudice for the procedural default, and so the Court cannot review the merits of his six defaulted grounds of ineffective assistance of postconviction counsel. *See Whyte v. Winkleski,* 34 F.4th 617, 624 (7th Cir. 2022) ("Unless the petitioner can establish 'cause' for and 'prejudice' from the default, 'federal habeas review is at an end.'" (quoting *Garcia v. Cromwell*, 28 F.4th 764, 771 (7th Cir. 2022))).

Also before the Court is Petitioner's renewed motion for appointment of counsel. ECF No. 14. The Court will grant that motion and will attempt to recruit counsel to litigate the remainder of the case on Petitioner's behalf.

---

[1] The Court noted that Petitioner could alternatively choose to file an amended petition voluntarily omitting his six grounds of ineffective assistance of postconviction counsel, ECF No. 5 at 12 n.5, but Petitioner declined to do so.

2.  **ARGUMENTS AND BACKGROUND**

Petitioner argues that he can show cause and prejudice to set aside the procedural default of his six asserted grounds of ineffective assistance of postconviction counsel. ECF No. 8 at 1. He argues that his medical condition and physical disabilities, and his attendant reliance on fellow inmates for his litigation needs, demonstrates cause. At the age of four, a housefire left Petitioner with burns on roughly 90% of his body; a sensitive, compromised layer of skin; and the loss of all his fingers. *Id.* at 2. Because of his disabilities, Petitioner cannot manually write or type, so he relies in large part on fellow inmates to draft his filings. *Id.* at 3–4.

Petitioner suffers from complications with his medical condition and disabilities. In January 2019, a doctor at Redgranite Correctional Institution ("RCI") stopped Petitioner's pain medication, leaving him in crippling pain. *Id.* at 2–3. Petitioner sued the doctor and various other RCI staff in April 2019 for the medication denial. *See Moore v. Dr. Labby*, No. 19-CV-568-NJ, ECF No. 1 (E.D. Wis. Apr. 19, 2019). He settled that case the following year, *id.*, ECF No. 30, but he represents that he continues to go without pain medication to this day, ECF No. 8 at 3.

Later, in June 2019, he underwent surgery for skin grafts, ostensibly "because of poor wound care by medical providers" at RCI. *Id.* at 3; ECF No. 8-1 at 3. Petitioner was hospitalized from June 12 to 21, 2019 before returning to RCI, after which point he had to continue with his after care. ECF No. 8 at 3. In August 2019, Petitioner filed—with the assistance of a fellow inmate—a motion for sentence modification under Wis. Stat. § 973.19. Petitioner avers that when he "filed the motion for sentence modification" under § 973.19 in his state criminal case, which "included a four-page letter in which [he] identified several ways in which he believed his trial attorney was ineffective," he was in severe pain, was "desperate to

find help," and had been "told that a sentence modification motion wouldn't stop him from filing a motion under [Wis. Stat.] § 974.06." ECF No. 8 at 3–4; ECF No. 5 at 4 (quoting *Moore*, 2023 Wisc. App. LEXIS 639, at *2). Nevertheless, the Wisconsin Court of Appeals interpreted that four-page letter portion of the filing as a Wis. Stat. § 974.06 motion and concluded that "[t]o the extent that . . . the letter purports to raise postconviction claims that were not raised during [Petitioner's] prior appeal, they are deemed waived." ECF No. 5 at 4 (quoting *Moore*, 2023 Wisc. App. LEXIS 639, at *2, *5).

Petitioner represents that he later "discovered" that "certain things were said in that [August 2019 § 973.19] motion" for sentence modification that he was apparently unaware of and did not authorize. ECF No. 8 at 4. Petitioner thereafter "immediately wrote the court to clear up the record." *Id.*; *see also* ECF No. 8-1 at 28–29 (requesting a copy of the § 973.19 motion and accompanying letter "so we can see what exactly . . . was said, because it was something said in that letter . . . that [Petitioner] never state[d] for that last inmate to state . . . . The last letter that was typed up for [Petitioner] was worded wrong, for the simple fact [that Petitioner] never stated that he takes full responsibility for his actions. . . . [Petitioner] will never take responsibility for something he did not do."). Shortly after filing the § 973.19 motion, the inmate who had drafted it "was transferred," and that inmate "did not get a chance to explain" to Petitioner the reasoning behind the state court's denial of the motion. ECF No. 8 at 7. Petitioner "had no knowledge of the rule in *State v. Escalona-Naranjo*, and [had] no one to explain it to him." *Id.*

He later solicited a fellow inmate at RCI to assist him in preparing a separate § 974.06 motion. *Id.* at 7–8. As the Court recounted in its screening order, the state circuit court denied that April 2020 § 974.06 motion "on the

ground that its 'arguments were procedurally barred by *Escalona*, or, alternatively,' on the ground that the claims of ineffective assistance of trial and postconviction counsel failed on their merits." ECF No. 5 at 5 (quoting *Moore*, 2023 Wisc. App. LEXIS 639, at *4 and citing ECF No. 1-1 at 13–20). In its order affirming the circuit court's rejection of Petitioner's April 2020 § 974.06 motion, the Wisconsin Court of Appeals noted that Petitioner "offer[ed] no reason, much less sufficient reason, to explain why the [instant] claims were not raised in 2019." *Id.* at 6 (quoting *Moore*, 2023 Wisc. App. LEXIS 639, at *6).

Respondent argues that none of the circumstances to which Petitioner points suffice to show cause and prejudice to excuse his default. ECF No. 12 at 3–4. That he was embroiled in civil litigation regarding his medical treatment and that he placed his faith in other inmates to draft his filings are insufficient grounds, Respondent argues, to set aside procedural default. *Id.* at 3 (citing *Smith v. McKee*, 598 F.3d 374, 385 (7th Cir. 2010) and *Dotel v. Pollard*, No. 08-CV-178, 2009 WL 499330, at *3 (E.D. Wis. Feb. 27, 2009)).

Nor, Respondent contends, do Petitioner's disability and medical complications suffice to set aside the procedural default. *Id.* at 4. While it is true that Petitioner lost all his fingers, he obtained "a tablet, a sleeve for his arm, a stylus, and a carrying case" as part of a settlement in a previous civil case, which accommodation Respondent argues enabled Petitioner to "prepare electronically written documents" such that he could draft legal filings. *Id.* (citing *Moore v. Tarr et al.*, No. 17-CV-1596, ECF No. 44-1 at 1 (E.D. Wis. Sept. 4, 2019)).

Moreover, Respondent argues, "[Petitioner's] claims that he has been too physically debilitated with pain and injuries to properly plead his Wis. Stat. § 974.06 motion is belied by [the] eight civil suits he has pursued

against DOC between 2017 and present, all of which were sufficient to require responses and all but the latest, which is still ongoing, he settled with DOC . . . ." *Id.* ("[Petitioner] was clearly not too physically debilitated to work with his fellow inmates to prepare these pleadings over the same time frame as his . . . § 974.06 motion, thus his complaints cannot adequately excuse his pleading failures in that motion."). In any event, Respondent argues, "a Petitioner's reliance on counsel, jailhouse or otherwise, to prepare his pleading can[not] excuse a procedural default in a proceeding where the Petitioner had no right to counsel." *Id.* at 5 (citing *Barksdale v. Lane*, 957 F.2d 379, 385 (7th Cir. 1992) and *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)).

And even if Petitioner had shown cause, Respondent in any event argues that he has not additionally shown "that actual prejudice will ensue if this Court does not address his claims." *Id.*

**3. LAW & ANALYSIS**

"'Out of respect for finality, comity, and the orderly administration of justice,' . . . federal courts may excuse procedural default only if a prisoner 'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law . . . .'" *Shinn v. Ramirez*, 596 U.S. 366, 379 (2022) (first quoting *Dretke v. Haley*, 541 U.S. 386, 388 (2004) and then quoting *Coleman*, 501 U.S. at 750). "To establish cause, the prisoner must 'show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)); *see also Richardson v. Lemke*, 745 F.3d 258, 272 (7th Cir. 2014) ("Cause for a default is ordinarily established by showing that some type of external impediment prevented the petitioner from presenting his claim." (citing *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004))). "Then, to establish prejudice, the prisoner must show not merely a

substantial federal claim, such that 'the errors at . . . trial created a *possibility* of prejudice,' but rather that the constitutional violation 'worked to his actual and substantial disadvantage.'" *Shinn,* 596 U.S. at 379–80 (quoting *Murray*, 477 U.S. at 494).

The Court addresses in turn each of Petitioner's proffered arguments as to cause. For the reasons discussed herein, the Court concludes that Petitioner has failed to demonstrate cause. The Court accordingly need not engage in the prejudice analysis. *Hamilton v. Haws,* No. 90-2449, 1991 U.S. App. LEXIS 21147, at *4 (7th Cir. Aug. 30, 1991) (citing *Buelow v. Dicky*, 847 F.2d 420, 425 (7th Cir. 1988)).

### 3.1.1 Medical Condition or Disability and Alleged Deliberate Indifference Thereof

Petitioner first argues that "his disabilities and medical condition [constitute] cause[] to excuse any procedural default." ECF No. 8 at 7. For the reasons discussed herein, the Court disagrees.

The Court does not intend to make light of what are no doubt extremely difficult circumstances arising from Petitioner's disabilities and medical complications. But "the record does not support his claim that such ailments prevented him from litigating." *Antontelli v. United States*, No. 95-2218, 1997 U.S. App. LEXIS 384, at *5 (7th Cir. Jan. 6, 1997)).

As Respondent notes, Petitioner remained active in litigation during the relevant period in which the procedural default occurred, notwithstanding his disability, pain, medical complications, and prison staff's alleged deliberate indifference thereof. ECF No. 12 at 4. Shortly after returning to RCI following his hospitalization in June 2019, he participated in a telephonic status conference in *Moore v. Tarr et al*. No. 17-CV-1596, ECF No. 42 (E.D. Wis. June 28, 2019). Around that same time, he submitted paperwork regarding his pro bono representation in *Moore v. Butler et al.,*

No. 18-CV-1715-NJ, ECF Nos. 28, 28-1 (E.D. Wis. June 28, 2019) (postmarked June 26, 2019), and he submitted a partial trust account statement in *Moore v. Dr. Labby*. No. 19-CV-568, ECF Nos. 8, 8-1 (dated June 24, 2019). Shortly thereafter, also in *Moore v. Dr. Labby*, he moved for reconsideration of the court's order denying his motion to use his prison release account to pay the filing fee, and he submitted a complete trust account statement. *Id.*, ECF Nos. 10, 10-1 (postmarked July 5, 2019), 11, 11-2 (dated July 3, 2019). The following month, in August 2019—the same month in which he filed, with the assistance of a fellow inmate, his § 973.19 motion in his state criminal case—he negotiated and signed a settlement agreement in *Moore v. Tarr*, No. 17-CV-1596, ECF Nos. 44, 44-1 (E.D. Wis. Sept. 4, 2019) (settlement agreement signed by Plaintiff on August 28, 2019). He continued to submit filings in various of his cases in the following months.

Petitioner's litigation history demonstrates that he was nevertheless able to prosecute his various civil cases during the period in which he now claims that his disabilities and medical complications prevented him from properly presenting his six grounds for relief alleging ineffective assistance of postconviction counsel to the state courts. *See Antonelli*, 1997 U.S. App. LEXIS 384 at *4–5 (rejecting the petitioner's contention that his long term "mental and emotional problems" constituted cause to excuse his procedural default given, inter alia, that the petitioner "has . . . been a frequent litigator"). While the Court understands that Petitioner has persevered through significant medical difficulties, the Court is unable to conclude that they "prevented the petitioner from presenting his claim." *Richardson*, 745 F.3d at 272 (citing *Lewis*, 390 F.3d at 1026).[2]

---

[2]Respondent additionally points to the fact that Petitioner received in 2019 "a tablet, a sleeve for his arm, a stylus, and a carrying case" and represents that the accommodation was provided "so that he could prepare electronically written

### 3.1.2 Reliance on Jailhouse Lawyer

Petitioner also seems to argue that his reliance on jailhouse lawyers played a role in the procedural default. But the fact that a petitioner placed his reliance on a fellow inmate to draft the petitioner's postconviction filings and later came to regret it, or later found himself without assistance after the inmate became unavailable, does not constitute cause for purposes of cause and prejudice. This Court has rejected such an argument, and so have courts of various other Circuits. *See Dotel v. Pollard*, No. 08-CV-178, 2009 U.S. Dist. LEXIS 19586, at *10 (E.D. Wis. Feb. 27, 2009); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (citing *Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) ("[The petitioner] claims to be illiterate, and he asserts that the inmate who helped him was released before the postconviction petition needed to be appealed . . . . [The petitioner's] circumstances, although unfortunate, are nevertheless insufficient to meet the cause standard.")); *Mintz v. Lewis*, No. 94-15599, 1994 U.S. App. LEXIS 29195, at *7 (9th Cir. Oct. 11, 1994) (citing *Tacho*, 862 F.2d at 1381 and *Hughes*, 800 F.2d at 909); *Gonzalez v. Superintendent Graterford Sci*, 655 F. App'x 96, 101 (3d Cir. 2016) ("[E]ven accepting as true

---

documents." ECF No. 12 at 4; *Moore v. Tarr*, No. 17-CV-1596, ECF No. 44-1 at 1. It does not appear, however, that the accommodation was, in fact, provided for that purpose—to the contrary, it appears that the accommodation was provided so that Petitioner could email friends and family members. No. 17-CV-1596, ECF No. 1 at 2 (seeking accommodation so Petitioner can "e-mail his family and friends like other inmates e-mail their family and friends"); ECF No. 14 at 3 ("[T]he tablet . . . was made . . . to send emails . . . ."). Respondent points to nothing to suggest that the accommodation provided could in fact be used to assist Petitioner with litigation. Indeed, Petitioner avers that he is "unable to prepare pleadings himself," ECF No. 8 at 7, and that he cannot use the tablet, sleeve, and stylus to draft documents, ECF No. 14-1 at 1 ("The tablet does not and can not [sic] make electronic document[s]."); ECF No. 15 at 1 ("[T]he stylus does not have document creating capabili[t]ies . . . .The tablet is for entertainment purpose[s] only and[] can not [sic] create documents."). The Court accordingly sets aside the parties' arguments regarding this accommodation.

[the petitioner's] explanation that a 'jailhouse lawyer' gave him bad advice . . . , we cannot say that his decision to credit informal advice—given not just outside an attorney-client relationship, but beyond any constitutional right to counsel—constitutes an objective impediment that would excuse his default . . . ." (citing *Coleman*, 501 U.S. at 753)); *Dawson v. Kentucky*, No. 92-5040, 1992 U.S. App. LEXIS 14678, at *3 (6th Cir. June 16, 1992) (same) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir. 1990); and *Tacho,* 862 F.2d at 1381). Petitioner cites to no authority stating otherwise.

In any event, although Petitioner argues that the inmate who drafted his § 973.19 motion said "certain things" in that motion that Petitioner did not authorize, he does not actually suggest that those "certain things" were what caused the state courts to interpret the motion, at least in part, as a § 974.06 motion. ECF No. 8 at 3. In other words, he does not contend that the inmate, unbeknownst to Petitioner, included the four-page letter alleging ineffective assistance of trial counsel while omitting allegations of ineffective assistance of postconviction counsel. Instead, he took issue with the inmate having represented that Petitioner accepted responsibility for his actions. ECF No. 8-1 at 28–29. But that aspect of the filing played no role in the procedural default.

Nor can the procedural default be blamed, as a factual matter, on the unavailability of any single jailhouse lawyer on whom Petitioner tended to rely. Petitioner argues, for example, that the inmate who filed the § 973.19 motion for him in August 2019 "was transferred," leaving him with "no one to help him appeal" the order denying that motion. ECF No. 8 at 7. But Petitioner admits that he has relied "on several different inmates" at RCI to assist him in litigation, ECF No. 8 at 3, so it is not apparent that the

unavailability of any single one of them rendered him entirely without assistance.

Petitioner's arguments on this front are not viable as a legal matter and rest on shaky foundation as a factual matter. Accordingly, the Court will reject them.

### 3.1.3 Petitioner's Own Ignorance of the Law

Lastly, the Court addresses Petitioner's contention that, left without his jailhouse lawyer, he had no one to explain the rule of *State v. Escalona-Naranjo* to him and that he did not understand it. ECF No. 8 at 7. This argument, too, fails because a petitioner's "ignorance of the law and procedural requirements . . . is insufficient to establish cause to excuse his procedural default." *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (citing *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995)). A petitioner's pro se status and inherent lack of legal education do not constitute cause for purposes of cause and prejudice. *Harris v. McAdory,* 334 F.3d 665, 668 (7th Cir. 2003) (citing *Barksdale v. Lane*, 957 F.2d 379, 385–86 (7th Cir. 1992)).

## 4. CONCLUSION

In light of the foregoing, the Court concludes that Petitioner has not demonstrated cause to set aside the procedural default applicable to his six grounds of ineffective assistance of postconviction counsel. Accordingly, the Court need not engage in the prejudice component of the cause and prejudice standard, and it will deny Petitioner's six grounds of ineffective assistance of postconviction counsel as procedurally defaulted. The Court will proceed to merits briefing on Petitioner's sole remaining ground for relief—that of ineffective assistance of trial counsel. *See* ECF No. 5 at 13 (citing ECF No. 1 at 11).

The Court will also now address Petitioner's renewed motion for appointment of counsel. ECF No. 14. The Court previously denied without

prejudice Petitioner's motion for appointment of counsel because Petitioner had not represented "that he ha[d] attempted to acquire counsel on his own" nor that "the difficulty of the case exceed[ed] his capacity to present it." ECF No. 11 at 2. Petitioner now demonstrates that he has attempted to find counsel on his own. ECF No. 14 at 2–3; ECF No. 14-1 at 1–8. The Court is satisfied that he has made the "threshold" showing of "a reasonable attempt to obtain counsel." *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir. 1993)); *see also Timothy v. Clements,* No. 15-C-0937, 2017 U.S. Dist. LEXIS 12448, at *5 (E.D. Wis. Jan. 30, 2017) ("Appointment of counsel for habeas petitioners is . . . governed by standards similar to those followed in civil cases with plaintiffs proceeding in forma pauperis." (citing *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) and *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983))).

The Court must next address whether, "given the difficulty of the case, . . . the p[etitioner] appear[s] competent to litigate it himself." *Pruitt*, 503 F.3d at 654 (citing *Farmer*, 990 F.2d at 321–22). "The question is not whether a lawyer would present the case more effectively than the pro se p[etitioner]; 'if that were the test, district judges would be required to request counsel for every indigent litigant.'" *Id.* at 655 (quoting *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)). "Rather, the question is whether the difficulty of the case—factually and legally—exceeds the particular p[etitioner]'s capacity as a layperson to coherently present it to the judge or jury himself." *Id.* Furthermore, "the fact that an inmate receives assistance from a fellow prisoner should not factor into the decision whether to recruit counsel." *Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir. 2014) (citing *Pruitt*, 503 F.3d at 655).

The Court is satisfied that the difficulty of the case exceeds Petitioner's capacity to coherently present it. The ground for relief presented here—ineffective assistance of trial counsel—is not particularly complex and rests on longstanding law. Nevertheless, the Court believes—setting aside the fact that he has typically been able to rely on jailhouse legal assistance—that Petitioner's circumstances render him personally incapable of prosecuting his case. As discussed *supra* Section 2, Petitioner suffers from significant physical disabilities and medical complications. He cannot manually write or type and so typically dictates his filings to other inmates for them to draft.[3] He has limited cognitive ability and ceased formal education after the seventh or eighth grade. ECF No. 8-1 at 117 (psychological report summary) ("I suspect that if formally tested he would at best test in the borderline range of ability. . . . [H]e could . . . have a cognitive disability."). Presumably for these reasons, courts in this District have endeavored to appoint him counsel in every single civil case in which he has requested it, spare for one in which the parties stipulated for its dismissal before the Court could adjudicate the motion for appointment for counsel.[4]

---

[3]Importantly, it is the capability of Petitioner, not of his jailhouse lawyer, on which the Court must focus here. *Henderson,* 755 F.3d at 565 (error for court to "rel[y] on the abilities of [the plaintiff's] jailhouse lawyer who had been preparing his filings," rather than on the abilities of the plaintiff himself, in analyzing motion for appointment of counsel).

[4]*Moore v. Milwaukee County et al.,* No. 14-CV-745-WED, ECF No. 28 (E.D. Wis. Dec. 18, 2014); *Moore v. Vagnini,* No. 14-CV-1446-PP, ECF No. 24 (E.D. Wis. Sept. 15, 2015); *Moore v. Sauvey et al.,* No. 17-CV-626-DEJ, ECF No. 38 (E.D. Wis. July 19, 2018); *Moore v. Tarr et al.,* No. 17-CV-1596-DEJ, ECF No. 20 (E.D. Wis. June 19, 2018); *Moore v. Butler et al.,* No. 18-CV-1715-NJ, ECF No. 25 (E.D. Wis. May 22, 2019) and ECF No. 27 (E.D. Wis. June 20, 2019); *Moore v. Labby,* No. 19-CV-568-NJ, ECF No. 24 (E.D. Wis. Dec. 23, 2019); *Moore v. Thompson et al.,* No. 20-CV-1824-JPS, ECF No. 18 (E.D. Wis. Apr. 21, 2022) and ECF No. 24 (E.D. Wis. Aug. 31, 2022)

In light of the foregoing, the Court will grant Petitioner's renewed motion for appointment of counsel. The Court will attempt to recruit counsel to litigate the remainder of the case on Petitioner's behalf, bearing in mind that there is no guarantee that the Court will be able to secure counsel for him. Briefing on the merits of Petitioner's sole remaining ground for relief will be stayed pending appointment of counsel or further Court order.

Accordingly,

**IT IS ORDERED** that Petitioner La'Mondre Moore's renewed motion for appointment of counsel, ECF No. 14, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Petitioner La'Mondre Moore's six grounds of ineffective assistance of postconviction counsel be and the same are hereby **DENIED as procedurally defaulted**; and

**IT IS FURTHER ORDERED** that briefing on the merits of Petitioner La'Mondre Moore's sole remaining ground for relief be and the same is hereby **STAYED** pending appointment of counsel or further Court order.

Dated at Milwaukee, Wisconsin, this 18th day of July, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

(motion for appointment of counsel mooted by stipulated dismissal); *Moore v. Schmelzle et al.*, No. 23-CV-325-SCD, ECF No. 24 (E.D. Wis. May 14, 2014).